[L. A. No. 600.    Department One.—September 17, 1900.]

AUGUSTA BEHLOW, Appellant, v. SOUTHERN PACIFIC RAILROAD COMPANY et al., Respondents.

DEED—CONDITION SUBSEQUENT—USE FOR RAILROAD PURPOSES—IRREGULAR USE—BREACH NOT SHOWN.—A condition subsequent in a deed to a railway company that, if the land conveyed is not used for railroad purposes only. it is to revert to the grantors, without limiting or defining the extent of the use, or the character or frequency of trains to be operated over it, is not broken by an irregular use of the land for railroad purposes, ranging from daily use to use at intervals of several months.

ID.—STRICT CONSTRUCTION OF CONDITIONS SUBSEQUENT—FORFEITURE NOT FAVORED.—Conditions subsequent, especially when relied on to work a forfeiture, must be created by express terms or clear implication, and are to be construed strictly against a forfeiture, which is not favored in law. Conditions providing for a forfeiture are to be construed liberally in favor of the holder of the estate, and strictly against an enforcement of the forfeiture.

ID.—AGREEMENT FOR STATIONS—CONSIDERATION OF GRANT—PERSONAL COVENANT.—A provision in the deed by which the railway company agrees, as a further consideration of the grant, to place

two stations at a location to be selected by the grantor, at which all trains must stop, is not a condition upon which the estate is granted, and is not available to defeat the estate created by the grant, but is merely a personal covenant on the part of the grantee.

ID.—STATUTE CONCERNING OPERATION OF RAILROADS—REVERTER TO PLAINTIFF—INSUFFICIENT SHOWING.—The plaintiff in an action to quiet title, who depends for recovery upon showing that land granted by the plaintiff's grantor for railroad purposes has reverted to the plaintiff as successor of the original owner, cannot invoke the statute of April 15, 1880 (Stats. 1880, p. 43), to establish such reverter, if no facts are alleged or shown to bring the case within that statute, or to establish that there has been a failure to operate trains upon the road for the period of six months as required by that act.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial.  M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Walter F. Haas, for Appellant.

The limitation in the deed qualifies the grant, and shows the intent of the parties to grant a mere right of way or easement for railroad purposes, and such intent must prevail.  (*Faivre v. Daley*, 93 Cal. 665; *Martin v. Lloyd*, 94 Cal. 195; *In re Vance*, 100 Cal. 425; *Morrison v. Wilson*, 30 Cal. 344; *Pellisier v. Corker*, 103 Cal. 516.)  After the acquisition of the right of way by the Southern Pacific Railroad Company, the easement was abandoned and lost.  The act of April 15, 1880, having been enacted before the deed was executed, was part of the contract, and the title reverted thereunder to the plaintiff, as successor in interest of the original owner, for abandonment of the operation of the railroad.  (Stats. 1880, sec. 1, p. 43; *Brown v. Kling*, 101 Cal. 299.)

Bicknell, Gibson & Trask, for Respondents.

There is no question that a railroad corporation may acquire the fee of lands for the sole purpose of operating a railroad thereover.  (Civ. Code, secs. 354, 465, 467, subd. 4; *Nicoll v. New York etc. R. R. Co.*, 12 N. Y. 121; 12 Barb. 460; *Yates v. Van De Bogert*, 56 N. Y. 526; 19 Am. & Eng. Ency. of Law, 806-10; 1 Rorer on Railroads, 78; *Page v. Heinberg*, 40 Vt.

81.[1]) The estate granted by the deed was not an easement, but an estate in fee upon condition subsequent. (2 Blackstone's Commentaries, 107.) A forfeiture for breach of a condition subsequent is not favored, and the condition is to be construed strictly against the grantor, and against a forfeiture. (4 Kent's Commentaries, 129, 10th ed., 150; Civ. Code, sec. 1422; *Cleary v. Folger*, 84 Cal. 316, 321[2]; *People v. Perry*, 79 Cal. 105, 121; Bishop on Contracts, 2d ed., sec. 418; *Morrill v. Wabash etc. Ry. Co.*, 96 Mo. 174.) Appellant's case is not brought by the complaint, nor by the stipulated facts, within the terms of the statute of April 15, 1880. No forfeiture of any kind is pleaded or shown. A forfeiture must be pleaded. (Bliss on Code Pleading, 3d ed., sec. 227; *Morenhaut v. Wilson*, 52 Cal. 263; *Dutch Flat Water Co. v. Mooney*, 12 Cal. 534.)

HARRISON, J.—Suit to quiet title. The land involved in the action is a strip forty feet in width, lying within block 55 of Ramona, in the county of Los Angeles. Both parties derive title under a common grantor, the San Gabriel Wine Company. The conveyance to the defendant's grantor, the San Gabriel Valley Rapid Transit Railway Company, was made February 7, 1888, and granted, bargained, and sold to it, its successors and assignees forever, the strip of land described in the complaint, and other lands, and contained this provision: "The conveyance of these lands is made for railroad purposes only, and, if not so used, then it is to revert to the parties of the first part." The conveyance to the plaintiff was made March 20, 1888, and was a grant of the entire block 55. These conveyances were introduced in evidence, and in addition thereto the parties made an agreed statement of facts upon which the cause was submitted to the court. In this stipulation it was agreed that prior to the commencement of this action the Southern Pacific Railroad Company had acquired all the rights of the San Gabriel Wine Company and of the San Gabriel Valley Rapid Transit Railway Company. Judgment was rendered in favor of the defendants, and a motion of the plaintiff for a new trial was denied. From this order she has appealed.

---

[1] 94 Am. Dec. 378.          [2] 18 Am. St. Rep. 187.

The aforesaid grant from the San Gabriel Wine Company to the San Gabriel Valley Rapid Transit Railway Company created in the grantee an estate in fee in the lands described in the complaint, determinable upon the nonperformance of the condition therein specified.   This being a condition subsequent, its terms are to be strictly construed.   "Conditions subsequent are not favored in law and are construed strictly because they tend to destroy estates."   (4 Kent's Commentaries, 129.)   Forfeitures are not favored in law, and conditions providing for the forfeiture of an estate are to be construed liberally in favor of the holder of the estate and strictly against an enforcement of the forfeiture.   (Civ. Code, sec. 1442.)   "Conditions subsequent, especially when relied on to work a forfeiture, must be created by express terms or clear implication, and are construed strictly."   (Washburn on Real Property, 447.)   By the terms of the above conveyance the only condition under which the land is to revert to the grantor is in case it shall not be used for railroad purposes, and it was agreed as a fact herein that the Southern Pacific Railroad Company has, from time to time, ranging from daily use to use every few months, but at no stated times, operated gravel trains for its own use and for hire on said Rapid Transit Railway, across and over the premises described in the complaint, to the junction of said transit railway with the defendant's overland or trunk line at Ramona, from which point said gravel trains were hauled over said trunk line eastward and westward to various points thereon.

Upon the fact thus stipulated it must be held that a breach of the condition named in the grant has not been shown.   The terms of that condition do not limit or define the extent of the use, or the character or frequency of the trains that are to be operated over the land; and it cannot be maintained as a proposition of law that the running of gravel trains, as aforesaid, is not a use of the land for railroad purposes.

The provision in the above conveyance to the San Gabriel Rapid Transit Railway Company that, "as a further consideration for the grant of this land, the parties of the second part agree to place two stations, at one of which all trains must stop —location of stations to be selected by the party of the first

part," is not available to defeat the estate created by the grant. This provision is not made a condition upon which the estate is granted, but is merely a personal covenant on the part of the grantee.

The plaintiff is not entitled to invoke the provisions of the act of April 15, 1880. (Stats. 1880, p. 43.) She has made no reference to the act in her complaint, nor has she alleged or shown any facts under which she can avail herself of the provisions of this act. In the agreed statement of facts it appears that the Southern Pacific Railroad Company acquired the rights of the Rapid Transit Railway Company "prior to the commencement of this action," and that prior to such acquisition the Rapid Transit Railway Company operated regular passenger and freight trains daily over the road. The date at which the Southern Pacific Railroad Company acquired the property is not shown in the record, and consequently it does not appear that there had been, for six months prior to the commencement of the action, any failure to operate trains upon the road as required by the act of 1880.

The order is affirmed.

Garoutte, J., and Van Dyke, J., concurred.