THE TRUSTEES OF UNION COLLEGE, Respondent, *v.* THE CITY
OF NEW YORK, Appellant.

1. DEED — CONDITION SUBSEQUENT.  A clause in a deed of land to a
city providing that the land " is to be used for the purpose of building a
city hall thereon, and this conveyance is made upon the express condition
that in case the said plot of ground above described shall ever cease to be
used by said Long Island City for a city hall or other similar city build-
ings, then, and in that case, the said plot of land shall revert back to the
parties hereto of the first part as if this conveyance had not been made,"
creates a condition subsequent and requires the grantee to comply there-
with within a reasonable time.

2. BREACH OF CONDITION.  The failure of the grantee to erect a city
building thereon within ten years after the acceptance of the deed, which
was found by the trial court to be a reasonable time, worked a breach of
the condition and the land reverts to the grantor.

3. WHEN ACQUIESCENCE DOES NOT OPERATE AS AN ESTOPPEL.  The fact
that the grantor did not assert its right of re-entry until fifteen years after
its right to do so had accrued, does not operate as an estoppel or preclude
it from insisting upon a forfeiture and from claiming possession of the
premises.

4. DEMAND OF PERFORMANCE UNNECESSARY.  The grantor is not com-
pelled to demand performance before commencing an action of ejectment
to recover the land.

5. DAMAGES.  In such an action where the defendant is in possession the
plaintiff is entitled by way of damages to the rents and profits or the value of
the use and occupation of the land from the commencement of the action.

*Trustees of Union College* v. *City of New York,* 65 App. Div. 553, affirmed.

(Argued December 15, 1902; decided January 6, 1903.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the second judicial department, entered
November 27, 1901, affirming a judgment in favor of plain-
tiff entered upon a decision of the court at a Trial Term with-
out a jury.

The action is in ejectment, to recover the possession of cer-
tain described premises in Long Island City, county of Queens.
The complaint alleged that a condition, upon which their con-
veyance had been made, had been broken, that the plaintiff
was entitled to their possession, and that the defendant was
in possession of the premises, or claimed to be entitled to their ·

possession, as successor of Long Island City, the grantee in the conveyance. The answer put in issue the allegations of the complaint, except that which related to the present ownership of the defendant.

Immediately after the description of the premises in the deed is the following language : " Said plot of land is to be used by said Long Island City for the purpose of building a city hall thereon and this conveyance is made upon the express condition that in case the said plot of ground above described shall ever cease to be used by said Long Island City for a city hall, or other similar city buildings, then and in that case the said plot of land shall revert back to the parties hereto of the first part as if this conveyance had not been made." The trial being had without a jury, the trial judge made findings of fact, to the effect that the express condition, upon which the conveyance was made, had been broken ; that the defendant was in possession, or claimed to be entitled to the possession, of the premises, as the successor of the grantee in the conveyance, and " that at the date of said deed a reasonable time for the erection of a city hall, or other similar city buildings, upon the premises in question, did not exceed ten years." As conclusions of law, he held that the condition subsequent contained in the deed had been broken and that the plaintiff, by reason thereof, is seized in fee and is entitled to the immediate possession of the premises described. The judgment entered by the plaintiff upon this decision was unanimously affirmed by the Appellate Division, in the second department, and an appeal is now taken to this court.

*George L. Rives, Corporation Counsel (James McKeen* of counsel), for appellant. The construction of the language of the condition by the courts below was manifest error. (*Rose* v. *Hawley*, 141 N. Y. 366 ; *Packard* v. *Ames*, 16 Gray, 327 ; *Thornton* v. *Hammel*, 39 Ga. 202 ; *Pickle* v. *McKissick*, 21 Penn. St. 231.) Assuming that there was an implied covenant on the part of the grantee to build a city hall or other similar city buildings on the premises, it was incumbent upon

the grantor to make a demand of performance or make affirmative complaint of delay before the grantee could be put in such default as to warrant a re-entry by the grantor under the condition. (2 Pom. Eq. Juris. 281, 282.)

*Percy S. Dudley* for respondent. The whole clause in the deed is a valid condition subsequent. The words " upon the express condition," followed by the provision that the land shall revert in case of non-performance, are technically proper to create a condition subsequent. (1 Washb. on Real Prop. ch. 14, 445 ; *McCullough* v. *Cox,* 6 Barb. 386 ; *Stuyvesant* v. *Mayor, etc.,* 11 Paige, 414 ; *Underhill* v. *S. R. R. Co.,* 20 Barb. 455 ; *Hayden* v. *Stoughton,* 5 Pick. 528 ; *Upington* v. *Corrigan,* 69 Hun, 320 ; 79 Hun, 488 ; 151 N. Y. 143 ; *Rose* v. *Hawley,* 118 N. Y. 502.) Failure to erect a city hall or other similar building within a reasonable time constituted a breach of the condition. (*Stuyvesant* v. *Mayor,* 11 Paige, 414 ; *Underhill* v. *S. R. R. Co.,* 20 Barb. 466 ; *Atwood* v. *Norton,* 27 Barb. 648 ; *Coffin* v. *Talman,* 8 N. Y. 469 ; *Palmer* v. *P. R. Co.,* 11 N. Y. 389 ; *Spaulding* v. *Hallenbeck,* 35 N. Y. 207 ; *Austin* v. *Cambridgeport,* 21 Pick. 215 ; *Hayden* v. *Stoughton,* 5 Pick. 528 ; *Allen* v. *Howe,* 105 Mass. 241 ; 1 Washb. on Real Prop. ch. 14, par. 10 ; *Wright* v. *Bank of Metropolis,* 110 N. Y. 237.) The grantee being under no legal obligation to perform the condition, the grantor cannot require him to do so and a formal demand would be futile. (Gerard on Titles, 138, 808 ; *Lawrence* v. *Williams,* 1 Duer, 585 ; *Plumb* v. *Tubbs,* 41 N. Y. 442 ; *Hosford* v. *Ballard,* 39 N. Y. 147.) In addition to the recovery of the land the plaintiff was entitled to recover the rental value of the land or the value of its use and occupation from the time of the commencement of the action to the date of the trial under its general claim for damages for withholding possession. (*Clason* v. *Baldwin,* 152 N. Y. 204 ; *Danziger* v. *Boyd,* 120 N. Y. 628.)

GRAY, J.  The opinion delivered at the Appellate Division by Mr. Justice JENKS very ably and accurately reviews the

legal questions presented and abridges the discussion here. Whether a condition in a deed is a condition precedent, or a condition subsequent, depends upon a construction of the language used by the grantor, in connection with the purpose of the grant. In this case I think there is no room for doubt as to the nature of the condition, upon which the grantee took an estate in the premises conveyed. (*Stuyvesant* v. *Mayor etc., of N. Y.*, 11 Paige, 414; *Upington* v. *Corrigan*, 151 N. Y. 143.) The language of the deed expressed a condition, which was to defeat, not to create, an estate in the grantee. The grantor had parted with every interest and estate in the real property conveyed. The act to be performed by the grantee followed the vesting of the estate and the language imported a condition merely, and not a covenant. The case, therefore, being one of a conveyance of land upon condition subsequent, came within the operation of the rule in such cases, that the grantee should comply within a reasonable time with the condition. (Washburn on Real Property, \*449.) The trial judge found as a fact that ten years, at the date of the conveyance, was a reasonable time for the purpose expressed in the condition. It was conceded that up to the commencement of the action in 1898, a period of twenty-five years, no city building had ever been erected. In that respect, the case is similar to that of *Upington* v. *Corrigan* (*supra*); where the condition of the grant was that a church building should be erected and where it was held that a reasonable time for such erection was the period of ten years. (See *Stuyvesant* v. *Mayor etc., of N. Y.*, *supra*; *Palmer* v. *Ft. Plain & C. Plank Road Co.*, 11 N. Y. 376; *Hayden* v. *Stoughton*, 5 Pick. 528.) With the finding as to a reasonable time for compliance by the grantee, in this case, I think this court cannot interfere. The evidence shows that, while the condition of the property in 1873, when the conveyance was made, was that of farming land, in 1874, and for several years subsequent thereto, the land was improved and streets were laid out, graded, sewered, flagged, etc.

The appellant argues that the condition of the conveyance

upon which the land should revert back, was if it " shall ever cease to be used by said Long Island City for a city hall or other similar city buildings ; " and as no building was, in fact, erected, the condition did not arise. 1 see no force in the argument. The whole language, in which the condition is expressed, must be considered and then it becomes quite apparent that the condition of the conveyance, which the grantee accepted, was that a city hall, or building, was to be erected and that, if the land should ever cease to be used for such purposes, the land should revert to the grantor. The condition was the use and the continuing use of the land for the purpose of the grant. The long-continued silence of the plaintiff could not operate as an estoppel upon, or preclude, it from insisting upon a forfeiture, and from claiming possession of the premises. The effect of an express condition in a deed cannot be destroyed by silent acquiescence. (*Jackson ex dem.* v. *Crysler*, 1 Johns. Cases, 125.) The title to the property was vested in the grantee and the plaintiff was entitled to assume that its grantee would comply with the condition of the grant. If it elected to await compliance as long as it did, that fact cannot be construed against its right to reclaim possession.

The appellant argues that it was incumbent upon the plaintiff to demand performance before it could become entitled to re-enter, as for condition broken. If this clause was in the nature of a covenant by the grantee, a demand might be necessary ; but, being a condition subsequent, proof of demand of possession before commencing the action was unnecessary. (*Plumb* v. *Tubbs*, 41 N. Y. 442.)

As to the right to damages, the reasoning of the learned justice at the Appellate Division is quite conclusive. The allegation in the complaint that the defendant was in possession of the premises, or claimed to be entitled to their possession as successor of Long Island City, the grantee in the deed, was not denied by the answer. The evidence, amply, shows that the defendant was in possession. Within the authority of *Clason* v. *Baldwin*, (129 N. Y. 183, 189), the plaintiff, in

recovering judgment, was entitled, by way of damages, to the rents and profits, or the value of the use and occupation of the land, from the commencement of the action.

The judgment below was right and I advise its affirmance here, with costs.

PARKER, Ch. J., O'BRIEN and BARTLETT, JJ., concur; HAIGHT, J., dissents; CULLEN and WERNER, JJ., absent.

Judgment affirmed.