[L. A. No. 1454.   Department Two.—December 30, 1905.]

## F. ROBERT HAWLEY et al., Appellants, v. WILLIAM KAFITZ et al., Respondents.

DEED—COVENANT TO BUILD—CONDITIONS SUBSEQUENT.—A provision in a deed to the effect that it was given by the grantor and accepted by the grantee upon the express agreement of the grantee to build a house upon the granted premises of a specified value within a limited time, and that such agreement was a part of the consideration for the conveyance, creates a mere personal covenant on the part of the grantee, and is not a condition subsequent; and in an action by the grantor for a forfeiture of the grantee's rights under the deed on account of his failure to comply with such provision, parol evidence is inadmissible to show that a condition subsequent was intended to be created.

ID.—CONDITIONS SUBSEQUENT NOT FAVORED.—Conditions subsequent in a deed are those which in terms operate upon an estate conveyed and render it liable to be defeated for breach of the condition. They are not favored in law, because they tend to destroy estates, and no provision in a deed will be interpreted as a condition subsequent if its language will bear any other reasonable construction.

APPEAL from a judgment of the Superior Court of Los Angeles County. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

J. Marion Brooks, and Edward H. Bentley, for Appellants.

P. W. Dooner, for Respondents.

LORIGAN, J.—The plaintiffs on November 26, 1901, executed to defendant William Kafitz a grant, bargain, and sale deed of a lot in the Electric Railway Homestead Association Tract in the city of Los Angeles for a money consideration of $375. The deed contained the following provision: "This deed is given by the parties of the first part, and accepted by the second party, upon the express agreement of the second party to build, or cause to be built, upon the said premises within six (6) months from the date hereof a dwelling-house to cost not less than fifteen hundred ($1,500.00) dollars. Said agreement being considered by the parties hereto as part consideration for this conveyance." No dwelling of any kind was built upon the lot within the six months specified, and subsequent to the expiration of that period plaintiffs brought this action to have the right of defendant in said lot declared forfeited and for a decree requiring a reconveyance to them by defendant of the property. Defendant had judgment, from which plaintiffs appeal, their appeal being accompanied by a bill of exceptions.

The only question arising on this appeal from the judgment is as to the nature of the provision inserted in the deed relative to the building of a house on the lot granted within six months and the correctness of the construction the trial court gave it. As to this provision, it is insisted by plaintiffs that by virtue of its incorporation in the deed an estate on condition subsequent was created, and defendant having failed to perform the condition, his interest in the property was subject to forfeiture at the instance of plaintiffs for non-performance of the condition. The trial court held that this provision did not create a condition subsequent; that it amounted simply to a personal covenant. We think there can be no question of the accuracy of the construction placed upon it by the court. Conditions subsequent are those which in terms operate upon an estate conveyed and render it liable to be defeated for breach of the conditions. Such conditions are not favored in law because they tend to destroy estates, and no provision in a deed relied on to create a condition subsequent will be so interpreted if the language of the provision will bear any other reasonable construction. While no precise form of words is necessary to create a condition subsequent, still it must be created by express terms or by clear implication.

Merely reciting in a deed that it is in consideration of a certain sum, and that the grantee shall do other things specified therein, does not create an estate upon condition. There must be language used which is so clear as to leave no doubt that the grantor intended that an estate upon condition subsequent should be created—language which *ex proprio vigore* imports such a condition. (*Cullen vs. Sprigg*, 83 Cal. 64, [23 Pac. 222]; *Behlow v. Southern Pacific R. R. Co.*, 130 Cal. 19, [62 Pac. 295].)

In the case at bar the provision in question which, it is claimed, created a condition subsequent contains no language which in terms declares such a condition, or which by necessary implication imports one. There is an entire absence of any of those apt or appropriate words or expressions which are usually employed for the purpose of creating a condition subsequent,—technical terms which, if a condition subsequent is intended to be created, generally follow the granting clause of the deed, and declare that the estate conveyed is upon "express condition" that certain things shall be done, or "provided, however," or "in the event that" certain terms imposed are or are not complied with, the deed shall be void, and the estate granted shall be terminated and forfeited. Neither is there in the deed any declaration that in the event of the failure of the grantee to build within the stipulated time the deed shall be void, nor any provision declaring a forfeiture or right of re-entry for breach of condition. Nor does it appear from the deed that any specified purpose was to be attained by the grantor in having the building erected on the lot within the given time, or that its erection was the sole consideration for the conveyance. In fact, there is not only an entire omission on the part of the grantor to use any technical language, such as is ordinarily employed to create an estate on condition subsequent, but there is also an entire absence of any language indicating that for non-compliance with the stipulation to build it was the intention of the grantor that the estate granted should be defeated and forfeited. Not only is there no language which would create a condition subsequent, but the language actually employed, "This deed is . . . upon the express agreement," implies a personal covenant, and not a condition. As supporting this conclusion, we refer to *Cullen* v. *Sprigg*, 83 Cal. 64, [23 Pac. 222]; *Behlow*

v. *Southern Pacific R. R. Co.*, 130 Cal. 19, [62 Pac. 295]; *City of Portland* v. *Terwilliger*, 16 Or. 465, [19 Pac. 90]; *Palmer's Executor* v. *Ryan*, 63 Vt. 227, [22 Atl. 574]; *Graves* v. *Deterling*, 120 N. Y. 447, [24 N. E. 655]; and *Stone* v. *Houghton*, 139 Mass. 175, [31 N. E. 719]. In this last case cited a provision almost identical with the instant provision under review here was declared not to create a condition, and one of the same general nature was, in *Behlow* v. *Southern Pacific R. R. Co.*, 130 Cal. 19, [62 Pac. 295], construed as simply a personal covenant.

Under the bill of exceptions accompanying the appeal from the judgment the only point presented is as to the ruling of the lower court upon the admissibility of certain evidence offered on the part of the plaintiffs. The offer was to prove that the clause in the deed was understood by the parties as "intended to be a condition subsequent and clause of forfeiture." The court refused the offer, and properly so. The clause in the deed was in no wise ambiguous or equivocal. Its language was plain and clear, and whether the clause created a condition subsequent, as contended by plaintiffs, or a mere personal covenant, as insisted by defendant, was a matter of pure legal interpretation for the court. That neither evidence of the understanding of the plaintiffs nor the interpretation they desired to place upon the unambiguous language of the clause in their deed was admissible is so elementary that it is disposed of merely by stating it.

The judgment appealed from is affirmed.

Henshaw, J., and McFarland, J., concurred.