NORTON v. VALENTINE.

(Supreme Court, Appellate Division, Second Department. June 7, 1912.)

1. CHARITIES (§ 38*)—CONDITION SUBSEQUENT—FORFEITURE.

The condition in a deed conveying land for a nominal consideration to the grantee, his heirs and assigns, to hold the premises for the use of a free gospel tabernacle and pastor's residence, and, in case of the use of the land for any other purpose, the grant to be void and the land revert to the grantor, is a condition subsequent, and a failure to perform the condition by the grantee within a reasonable time works a forfeiture without any formal demand of performance by the grantor.

[Ed. Note.—For other cases, see Charities, Cent. Dig. § 66; Dec. Dig. § 38.*]

2. QUIETING TITLE (§ 19*)—EJECTMENT (§ 1*)—ACTIONS—STATUTES—"ADVERSE CLAIM."

Where a grantor in a deed containing a condition subsequent re-enters for the grantee's breach of the condition, and is in possession at the time of an action by him to cancel the conveyance for the violation of the condition, the action is brought for the purpose of incidentally compelling the determination of a hostile claim within Code Civ. Proc. §§ 1638–1650, authorizing actions to compel the determination of claims to real estate, and defendant may not complain on the ground that the remedy of the grantor is by ejectment.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. § 48; Dec. Dig. § 19;* Ejectment, Cent. Dig. §§ 1, 2, 6; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 1, p. 223; vol. 8, p. 7567.]

Appeal from Trial Term, Queens County.

Action by Franklin C. Norton against Benjamin E. Valentine. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and RICH, JJ.

Benjamin E. Valentine, of Brooklyn, in pro. per.

Edw. A. Maher, Jr., of New York City (John Marcus, on the brief), for respondent.

HIRSCHBERG, J. The judgment appealed from is in equity, canceling deeds of certain real estate for the violation of a condition subsequent, and the facts are undisputed. The plaintiff, the owner and in possession of the property in question, on the 23d day of October, 1893, conveyed it to one of the defendants, George W. Schiverea, for a nominal consideration. The sole purpose of the conveyance was contained in the habendum clause, as follows:

"To have and to hold the above granted premises unto the said party of the second part, his heirs and assigns forever, for the use and purpose of a free gospel tabernacle and pastor's residence, and for no other purpose; provided always and these presents are upon this express condition, that the said land shall be only used for a free gospel tabernacle and pastor's residence, and in case the said land or any part thereof shall be used for any purpose other than as above stated (that is to say, for a free gospel tabernacle and pastor's residence) then and in that case the grant hereby made shall be and become void and the said land shall revert to, and belong

to, the said party of the first part, his heirs and assigns as though this grant had not been made."

On September 20, 1899, the defendant Schiverea and the codefendant, his wife, conveyed the premises for a small consideration to the appellant Valentine by a deed in the usual form of bargain and sale with no conditions or covenants. The premises remained unoccupied from the time of the first conveyance referred to until the year 1909, without the erection or any movement towards the erection of a gospel tabernacle and pastor's residence, but the plaintiff in the year 1909 and more than a year before the commencement of the action placed a house upon the property, which he rented to a tenant by whom it was used as a boarding house. The plaintiff always paid the taxes on the property, and appears to have been the only person connected with the action who has exercised any acts of ownership during the period of more than 17 years intervening the execution of his deed and the commencement of his suit. The learned court at Special Term found in favor of the plaintiff, adjudging that the deeds be canceled because of the breaking of the condition contained in the conveyance made by him.

[1] The authorities are uniform to the effect that the condition of the deed is a condition subsequent, that no formal demand of performance is required, and that the failure to perform the condition by the grantee within a reasonable time works a forfeiture. See Hosford v. Ballard, 39 N. Y. 147; Plumb v. Tubbs, 41 N. Y. 442; Upington v. Corrigan, 151 N. Y. 143, 45 N. E. 359, 37 L. R. A. 794; Trustees of Union College v. City of N. Y., 173 N. Y. 38, 65 N. E. 853, 93 Am. St. Rep. 569.

[2] The main point raised by the appellant is that an action in ejectment should have been commenced by the plaintiff. The learned counsel in his brief cites Upington v. Corrigan, supra, 151 N. Y. at page 150, 45 N. E. 359, as authority for the proposition that "the grantor must re-enter or commence an action in ejectment." The grantor has re-entered and was in possession of the property at the time of the commencement of this action, and was therefore not in a position to maintain an action of ejectment against the appellant. The action which the respondent has brought is for the cancellation of the deeds, and is to be regarded as one brought for the purpose of incidentally compelling the determination of a hostile claim to the real estate by virtue of the provisions of article 5, c. 14, tit. I, of the Code of Civil Procedure.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.