[Civ. No. 4278. First Appellate District, Division One.—February
19, 1923.]

PROSPER BOU et al., Appellants, v. NETTIE A.
WILLITS, as City Clerk, etc., et al., Respondents.

[1] DEED — RIGHT OF WAY—PAYMENT OF STREET WORK BY CITY
GRANTEE—RECITAL IN DEED—EFFECT OF.—A deed of a right of
way executed by a street railroad company to a city containing
a recital to the effect that the city, in consideration of the dedi-
cation of the right of way, had by resolution of its council
agreed that the company should not be called upon to pay any
portion of the cost of any paving or other street improvements,
but that any assessments would be paid by the city, is not void as
containing a covenant in violation of subdivision 10 of section 20
of the Street Improvement Act of 1911, requiring land to be
assessed in proportion to benefits to be received, since the dedi-
cation is not made upon the consideration that no assessment be
levied, but that the city will pay all such charges.

[2] ID.—PERFORMANCE OF ACTS BY GRANTEE—PERSONAL COVENANT.
A provision to the effect that a deed is given and accepted on an
express agreement on the part of a grantee to do certain things
imports a personal covenant, rather than a condition.

[3] ID. — CONDITIONS SUBSEQUENT — CONSTRUCTION.—Conditions sub-
sequent in a deed are those which in terms operate upon an es-
tate conveyed, and render it liable to be defeated for breach of
the condition, and they are not favored in law because they tend
to destroy estates, and no condition in a deed will be interpreted
as a condition subsequent if its language will bear any other
reasonable construction.

[4] ID.—DEED OF RIGHT OF WAY—BENEFITS TO ACCRUE FROM STREET
WIDENING—SUFFICIENT CONSIDERATION.—The recital in a deed
of a right of way executed by a street railroad company to a
city, as one of the considerations therefor, "the benefits to accrue"
from the widening of the street by reason of the dedication of
the land, is in itself and apart from the other consideration suffi-
cient to support the dedication.

[5] STREET LAW—IMPROVEMENT ACT OF 1911—PROCEEDINGS SUBSE-
QUENT TO RESOLUTION OF INTENTION — ERROR IN DESCRIBING
STREETS—EFFECT OF.—In a street improvement proceeding under
the Improvement Act of 1911, where the resolution of intention
described two of the streets to be improved as "Easton Avenue"

3. Conditions subsequent in deeds, notes, 31 **Am. St. Rep.** 46; 79
**Am. St. Rep.** 747.

and "Masson Avenue," and the proceedings subsequent thereto, including the publication of the resolution described such streets as being "Easton Mason Avenue," such error was not sufficiently misleading to invalidate the proceeding.

[6] NAMES—IDEM SONANS.—Under the rule of *idem sonans* absolute accuracy in spelling names is not required in legal proceedings, and if the word as spelled, though different from the correct spelling, conveys to the ear when pronounced a sound practically identical with the sound of the correct name, the name as thus given is a sufficient designation, and no advantage can be taken of the clerical error.

[7] STREET LAW—PUBLICATION OF RESOLUTION OF INTENTION—MISSPELLING OF NAME OF AVENUE—EFFECT OF.—In a street improvement proceeding under the Improvement Act of 1911, the misspelling of the name of an avenue to be improved in the published resolution of intention does not invalidate the proceedings, where the plans and specifications are referred to in the resolution of intention and made a part of the same and therein the name of the avenue is correctly spelled.

[8] ID.—STREET IMPROVEMENT ACT OF 1911—CONSTRUCTION—REMEDY OF PARTY AGGRIEVED.—The Improvement Act of 1911 provides that the act shall be liberally construed to the end that its purposes may be effected, and that no error or irregularity in any procedure taken thereunder which does not directly affect the jurisdiction of the council to order the improvement shall avoid or invalidate such proceeding or any assessment for the cost of the work, and that the exclusive remedy of any person affected or aggrieved thereby shall be by appeal to the city council.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. W. Coleberd for Appellants.

H. A. Mason and Kirkbride & Gordon for Respondents.

TYLER, P. J.—This action was one brought by a property owner to enjoin the doing of certain street work in the city of San Bruno, county of San Mateo, under the Improvement Act of 1911. Judgment went for defendant city officials, and the owner appeals.

[1] The facts giving rise to the controversy are as follows: On the twenty-fifth day of May, 1921, the board

61 Cal. App.—3

of trustees of the city of San Bruno passed its resolution of intention to order certain street improvements. The resolution described the work to be performed on "Hensley Avenue, Green Avenue, Easton Avenue, Masson Avenue, Mills Avenue, Huntington Avenue and . . . Euclid Avenue. . . . " By subsequent proceedings a contract for such improvements was awarded to respondent Municipal Improvement Company. Prior thereto and on the twenty-ninth day of May, 1917, the United Railroads of San Francisco, a corporation, had executed to the city a deed purporting to convey to it a right of way over the land designated in the resolution of intention as "Huntington Avenue." This deed contains a recital to the effect that the city, in consideration of the dedication of the right of way, had by resolution of its council agreed that the com-pany should not be called upon to pay any portion of the cost of any paving or other street improvements when-ever it might be deemed necessary to cause work of that character to be done under the local assessment plan, but that in such case any assessments which might be levied against the property would be paid by the city. Further recitals are to the effect that in consideration of the prem-ises and of the benefits to accrue therefrom the company dedicates the land to the city for the purpose and use of a public highway.

Under these conditions appellant contends that the agree-ment on the part of the city that the company should not be called upon to pay any portion of the cost of the work on the strip of land dedicated was void for the reason that there is no provision of law which permits such an exemp-tion, but, on the contrary, the covenant is in direct viola-tion of subdivision 10 of section 20 of the Street Improve-ment Act, requiring the land to be assessed in proportion to the benefits to be received. From these premises it is argued that the deed is void as against public policy, and that there never was a dedication of the land to public use, from which the conclusion is drawn that the work provided by the resolution of intention to be performed on Huntington Avenue was ordered to be done on private property not dedicated to public use, for which no valid assessment can be levied. (Citing *Spaulding* v. *Wesson,* 115 Cal. 441 [47 Pac. 249].)

We are of the opinion that there is no merit in this contention. Conceding for the purpose of the argument that the covenant in the deed to hold the railroad harmless from any assessment by reason of its dedication to be void, it by no means follows that the deed itself is void, or that the grant or dedication was affected thereby. It is to be noticed that the dedication is not made upon the consideration that no assessment be levied on the land, but that the city will pay all such charges; and it is to be presumed that the officer making up the assessment will perform his duty. A donor of land to public use cannot, as a rule at least, annex any condition which will have the effect to take from the proper local authorities the power to improve the way granted; but, as we have seen, such is not the case presented here. [2] A provision to the effect that a deed is given and accepted on an express agreement on the part of a grantee to do certain things, imports a personal covenant rather than a condition. (8 R. C. L., p. 1101.) The mere recital, therefore, in a deed that the grantee shall do things specified therein does not create an estate upon condition. [3] Conditions subsequent in a deed are those which in terms operate upon an estate conveyed, and render it liable to be defeated for breach of the condition. They are not favored in law because they tend to destroy estates, and no condition in a deed will be interpreted as a condition subsequent if its language will bear any other reasonable construction. (*Hawley* v. *Kafits*, 148 Cal. 393 [113 Am. St. Rep. 282, 3 L. R. A. (N. S.) 741, 83 Pac. 24]; *Fitzgerald* v. *County of Modoc*, 164 Cal. 493 [44 L. R. A. (N. S.) 1229, 129 Pac. 794]; *Behlow* v. *Southern Pac. R. R. Co.*, 130 Cal. 16, 19 [62 Pac. 295]; Dillon on Municipal Corporations, 5th ed., sec. 1075.)

[4] The deed herein recites two considerations, one of which includes the objectionable covenant; the other "the benefits to accrue" from the widening of the street by reason of the dedication of the land in question, and the forfeiture provided for in it is upon the sole condition that the highway be abandoned. This additional consideration is good and valid, and is in itself and apart from the other sufficient to support the dedication.

[5] Appellant argues the further point that the resolution of intention to order the improvement work was not published as required by law. This contention is based upon the fact that among the names of the streets mentioned in the resolution of intention appear "Easton Avenue" and "Masson Avenue," whereas in the proceedings subsequent thereto, including the publication, the streets are described as being "Easton Mason Avenue." It is apparent that the errors consist in the omission of the word "avenue" after the word "Easton," in omitting a comma after the word "avenue," and in the omission of the letter "s" in the word "Masson." It is claimed that this error in the publishing of the names of the streets to be improved is misleading and does not give the notice contemplated by law to which the property owner is entitled.

The mere omission of the word "avenue" cannot have the claimed effect. If there was an entire absence of such word following all of the names of the different streets mentioned in the resolution of intention we do not see how a party could be misled. It is manifest that the object of publication and posting is to give notice to the property owners affected by the improvement. The language of the resolution of intention imports that certain streets are to be improved. Lexicographers have defined the word "avenue" to mean a principal street. (Standard Dictionary.) The word implies a public street. (*People* v. *Underhill*, 144 N. Y. 316 [39 N. E. 333].) So that in the present case the names which follow the words "to wit" in the resolution of intention which provides for the improvement of "the streets hereinafter referred to are the following, to wit," etc., are streets, without being specifically described as streets or avenues or any other designation indicating a public thoroughfare.

Nor do we think that the misspelling of the word "Masson" by the omission of the letter "s" could in any manner mislead plaintiff. [6] Under the rule of *idem sonans* absolute accuracy in spelling names is not required in legal proceedings; and if the word as spelled, though different from the correct spelling, conveys to the ear when pronounced a sound practically identical with the sound of the correct name, the name as thus given is a sufficient

designation, and no advantage can be taken of the clerical error. (*Kelly* v. *Kuhnhausen,* 51 Wash. 193 [130 Am. St. Rep. 1093, 98 Pac. 603].)

[7] However this may be, it is a question which we are not called upon to and do not here decide. In the resolution of intention the plans and specifications are referred to and made a part of the same, and therein the name of said avenue was correctly spelled, so that the property owner upon an examination of such plans and specifications, or of the original resolution of intention, could fully inform himself of the situation of the work proposed to be done. (*Federal Construction Co.* v. *Wold,* 30 Cal. App. 360, 362 [158 Pac. 340].) Mistakes of this character are discussed in *Perine* v. *Erzgraber,* 102 Cal. 234 [36 Pac. 585]. In that case the resolution of intention, as here, was in proper form. The error there made was in the printing of the notices posted by the street superintendent—a jurisdictional matter. The resolution of intention provided "that the roadway thereof be paved by bituminous rock where not already so paved." The notice provided "that the roadway where not already so paved crossing." This misprint was held to be not fatal. (See, also, *McGarry* v. *Ellis,* 54 Cal. App. 622 [202 Pac. 463].)

While the objections to the notices in the cases cited referred to the character of the work to be done rather than to a description of the property, the same reasoning, in our opinion, applies, and such defect is cured by a reference to the plans and specifications. There can be no question of the importance of properly publishing a resolution of intention as a basis for obtaining jurisdiction over property sought to be impressed with an assessment so as to constitute due process of law; but minor defects such as are here involved in such notice ought not to be allowed to constitute a failure of publication where such notice is manifestly sufficient to call the attention of the property owner to what is proposed to be done and does not have the effect of misleading him. Such an objection does not constitute a failure of publication.

[8] The Improvement Act under which these proceedings were had provides that the act shall be liberally construed to the end that its purposes may be effected, and

that no error or irregularity of any procedure taken thereunder which does not directly affect the jurisdiction of the city council to order the improvement shall avoid or invalidate such proceeding or any assessment for the cost of the work thereunder, and that the exclusive remedy of any person affected or aggrieved thereby shall be by appeal to the city council.

We conclude, therefore, that the deed from the United Railroads to the city of San Bruno in no manner affected the validity of the proceeding; and that the defect shown in the description of the work subsequent to the original notice of intention and the specifications therein referred to are minor and trivial, and that neither of the objections affect the validity of the proceedings.

The judgment is affirmed.

Richards, J., and St. Sure, J., concurred.