DAVIS *v*. ST. JOE SCHOOL DISTRICT OF SEARCY COUNTY.

5-798                                         284 S. W. 2d 635

Opinion delivered December 12, 1955.

*Willis & Walker,* for appellant.

*N. J. Henley,* for appellee.

GEORGE ROSE SMITH, J.   By this suit for a declaratory judgment the appellants as plaintiffs and the appellee as defendant seek an interpretation of a warranty deed by which Joe H. Dowdle and others conveyed two acres of ground to School District No. 33 of Searcy County. The appellants have succeeded to the interest of the grantors; the appellee has acquired the grantee's interest. The chancellor held that the deed conveyed the fee simple title, subject to a reservation of minerals. It is contended by the appellants that the deed conveyed only a defeasible estate and that the title has reverted to them.

In the deed in question, which was executed in 1935, the following language appears between the granting clause and the habendum:

"This land to be used for school purposes only.

"The intention of this instrument is to convey two acres of ground, with no easement, with all mineral rights reserved and to be used for school purposes only to school district No. 33 of Searcy County, Arkansas. The grantors are to receive for and in consideration of the above two acres, the plot of ground formerly used by the school, it being of like value and like size in area. For further description see Quitclaim Deed of even date."

It is stipulated that District No. 33 built a schoolhouse on the land, that the district was consolidated with the appellee in 1948, and that the property has not been used for school purposes since the consolidation. The appellants insist that the appellee's failure to devote the property to school purposes has effected a divestiture of title.

The chancellor was correct in his interpretation of the instrument. The question is whether this deed conveyed (*a*) a fee simple defeasible, which might be either a determinable fee or a fee simple on condition subsequent, or (*b*) the fee simple absolute, with a covenant binding the grantee to the specified use of the property. In the latter case a breach of the covenant might give rise to an action for damages but would not involve the extinguishment of the grantee's title. *Bain* v. *Parker,* 77 Ark. 168, 90 S. W. 1000.

At the outset it must be noticed that the deed before us does not contain language unmistakably describing either form of defeasible fee. The language customarily used is familiar enough. A determinable fee is ordinarily created by a provision that the grantee's estate is to continue "as long as" the property is used for a certain purpose or "until" a given event occurs, or by similar words limiting the duration of the estate. A fee on condition subsequent is most effectively described by an express declaration of the condition and by the further reservation of a right of re-entry upon condition broken. Jewell, The Distinction Between a Determinable Fee and a Fee Simple upon Condition Subsequent in Arkansas, 11 Ark. L. S. Bull. 3, 12; Rest., Property, § 44, Comment *l,* and § 45, Comment *j.* In the case at bar the grantors' failure to employ language unequivocally creating a defeasible fee is a circumstance indicating that the parties did not have such an estate in mind.

This tentative view is greatly strengthened by another factor in the case. The courts, in construing language that lies in the borderland between a clearly defined defeasible fee and a plainly stated covenant, have given weight to several external circumstances that may

indicate the parties' intent. See Rest., Property, § 44, Comment *m*, and § 45, Comment *p*. In the present case one of these factors—the ratio between the worth of the consideration and the value of the property—is especially persuasive. It is a sensible rule that as the worth of the consideration approaches the full market value of the property there is a correspondingly stronger inference that a defeasible fee was not intended. If a man conveys land to a school district purely as a gift and declares that it shall be used for school purposes only, it is reasonable to believe that he means to condition his generosity upon obedience to his wishes; for his benevolence is the only motive for the conveyance. But if the land is sold to the district for its full value it is not reasonable to believe that a similar restriction is intended to carry the severe penalty of a complete loss of title. In the second instance the consideration is probably the principal inducement for the transfer. Hence in the latter case the restrictive language is more fairly regarded as a covenant, upon which the remedy in damages is deemed adequate. Here the deed recites that District No. 33 exchanged for the tract in controversy a plot of like value. The fact that the grantors received full value for their conveyance confirms the conclusion that a covenant rather than a defeasible fee was intended.

Affirmed.