HON. DAVID S. NELSON County Attorney, St. Lawrence County
This is in response to your recent letter inquiring whether or not the County of St. Lawrence can acquire an interest in real estate when the title so obtained by the county would be less than a fee simple absolute. You state the county desires to purchase a particular parcel of real estate within the territorial limits of the county for lawful county purposes but that the parcel is subject to a reversionary interest.
County Law, § 215(3) provides in part: "(The county board of supervisors) * * * may acquire by purchase or condemnation and accept by gift real and personal property for lawful county purposes." A county at common law had the power to purchase and hold all real estate as might have been necessary to the proper exercise of governing a county unless restricted by statute. (LeCouteulx v. City of Buffalo, 33 N.Y. 333 [1861].) There appears to be no statutory or constitutional constraint to a county taking real estate by a conditional fee.
The commentators state that when a municipal corporation acquires land by purchase for public purposes, the title conveyed need not be unconditional and indefeasible. (10 McQuillin, Municipal Corporations, § 28.07 [1966].) Furthermore, a municipal corporation has the power to take title to real estate in fee simple absolute or it may take lesser estate such as a fee simple defeasible upon condition subsequent. (McQuillin, Municipal Corporations, § 28.19; see also Trustees of Union College v.City of New York, 173 N.Y. 38 [1903].)
Therefore, we conclude that the County of St. Lawrence may acquire real property located within the territorial limits of the county that is subject to a reversionary interest.
However, it should be noted that the reversionary clause under which the property is currently held (your enclosure No. 1) is more exclusive than the reversionary clause in the deed by which the county intends to take the property (your enclosure No. 2) in that the purposes permitted by the former are less extensive than those permitted by the latter. The reversionary language of the deed given by St. Lawrence University to Central St. Lawrence Health Services would necessarily be breached by the transfer of the property by Central St. Lawrence Health Services to the county. Therefore, St. Lawrence University should be a signatory to the new deed and language should be included by which the university releases any claim arising out of the breach of the conditions contained in the deed of Central St. Lawrence Health Services as well as establishing to whom title would revert in the event of the occurrence of the condition subsequent contemplated by the deed.
Furthermore, there may be some question as to the advisability of expending a considerable sum of money to purchase a fee simple subject to a condition subsequent, when for little more money, either the entire fee or the reversionary interest could be taken by condemnation.