SOHBU GUAM DEVELOPMENT COMPANY, INC.
Plaintiff

v.

ALEJO D. PALTING, Defendant

Civil No. 635-79
Superior Court of Guam
December 28, 1979

- - - - -

ABBATE, Judge

## DECISION AND ORDER

Defendant's Motion for summary Judgment was regularly heard on December 4, 1979. After oral arguments, the Court reserved decision. At the outset, it is necessary to state the events leading to the dispute. On August 24, 1970, Alejo D. Palting, the grantor and defendant, executed a grant deed with conditions subsequent concerning certain lots, the subject matter of the dispute. Said deed contained two restrictions obligating the grantee, SOHBU GUAM DEVELOPMENT COMPANY, INC., (1) within a reasonable time to commence the construction of permanent improvements on the land conveyed, such improvements to have a value at least equal to the unpaid balance of the purchase price; (2) that until the purchase price is paid in full the grantee shall neither sell, mortgage, or otherwise encumber the said land without the written consent of the grantor. Further, the deed provided a mechanism by which

23

the grantor may proceed in his termination rights in case of breach of the above restrictions.

Subsequently, Defendant received monthly payments and the final payment was made on August 1, 1975. On August 6, 1979, the Defendant served Plaintiff with a Notice to Perform the Covenant or Quit. (See Exhibit B of this motion). On September 12, 1979, Defendant served Plaintiff with a Notice of Termination. (See Exhibit C).

Plaintiff opposed the motion on several grounds; there is a genuine issue of fact since Plaintiff claims the purchase price to be paid off while Defendant avers otherwise; that the restrictions are not necessarily conditions subsequent and that §1442 of the Guam Civil Code operates against Defendant's favor; (3) that Defendant did not exercise his rights within a reasonable period of time.

Initially, the court must determine the grantee's duties under the deed. The Court finds that the grantee has two affirmative duties as mandated by the two restrictions hereinbefore mentioned. The Court also finds that the grantee has fully complied with the second restriction concerning the purchase price but the grantee never fulfilled its duty regarding the first restriction; i.e. permanent improvements.

The Court will now consider the grantee's oppositional grounds, respectively.

The grantee's first ground is there is a genuine factual issue concerning the purchase price. the Court finds no merit to this contention since the grantor has not controverted this fact, contrary to the allegation of grantee's counsel. Furthermore, Defendant's motion is based on the fact that the grantee has failed, entirely, in his duty to commence permanent improvements, notwithstanding notice from the grantor that the latter was electing to exercise his termination rights. Whether an amount remains unpaid, goes only to the extremity of the grantee's duty regarding this restriction.

The grantee's second ground of contention is §1442 of the Guam Civil Code dictates that a condition involving a forfeiture must be strictly interpreted against the party for whose benefit it is created. The Court agrees with grantee this is the general rule. However, it is also well settled that an instrument is to be strictly construed against the maker of the instrument. Here the instrument was prepared and drafted by by grantee's attorney. See Page 3 of Andrew Gayle's deposition. Rule 30(e) of the Rules of Civil Procedure for the Superior Court of Guam. Furthermore, it is well settled that a reversion of title for breach of a condition subsequent will not be decreed except upon clear and satisfactory evidence of a violation of the condition. City of Palo Verdes v. Willett, 75 CA 2d 394, (7) P2d 26; Whittaker v. Regents, et al, 39 Cal. App. 111, 178 P. 308.

24

The grantee's final contention is the grantor did not exercise his rights within a reasonable time. It is apparent that the grantee deems four (4) years to be an unreasonably lengthy time. However, it is a matter of law that the fact that the grantor did not assert a right to re-enter for fifteen years after the breach did not operate as an estoppel, or preclude him from insisting upon a forfeiture and claiming possession. Union College v. New York, 173 N.Y. 38, 93 Am. St. Rep. 569, 65 N.E. 853; Lowrey v. Hawaii, (1910) 215 U.S. 554, 30 S. Ct. 209, 54L.Ed.325

THEREFORE, IT IS THE FINDING OF THE COURT THAT;
1. the grantee did not comply with the provision in the instrument that it shall commence within a reasonable period of time the construction of permanent improvement;
2. the grantor has fully complied with the provisions in the instrument outlining the procedure in case of a breach of the condition subsequent,
3. the restrictions in dispute are indeed conditions subsequent,
4. the grantor exercised his rights within a reasonable period of time, [and]
5. the grantee has been in continuing breach, from a reasonable time after the signing of the instrument to the giving of the notice to perform the covenant or quit, of its duty to erect permanent improvements.

. IT IS THE DECISION OF THE COURT that the Motion for Summary Judgment be and is hereby GRANTED.

SO ORDERED.