Ella FORSGREN, Plaintiff and
Respondent,

v.

James H. SOLLIE and Anne Marie Brown
Sollie, and Hal A. LaFleur and Marjorie
L. Archibald LaFleur aka Marjorie L.
Archibald, Defendants and Appellants.

No. 18027.

Supreme Court of Utah.

Feb. 28, 1983.

Robert E. Froerer, Ogden, for defendants and appellants.

Darrell G. Renstrom, Ogden, for plaintiff and respondent.

OAKS, Justice:

This appeal concerns the effect of a condition in a deed. After a trial, the district court held that the deed created a fee simple subject to a condition subsequent, and that the grantor had reacquired the fee by reentry upon condition unfulfilled. We affirm.

The facts are essentially uncontested. In February, 1960, the plaintiff (grantor) conveyed 1.4 acres of unimproved property to James H. Sollie. This property had 73 feet of frontage on the west side of Washington Boulevard north of Ogden, and abutted land owned by the grantor on the north and south. The consideration was approximately $1,400, paid in cash. Sollie planned to build a residence on the property, to be used as a church by his small Baptist group until they were able to build a larger building. The warranty deed contained the following provisions:

This property is conveyed on the condition that the grantee will build a partition fence along the South side of the above described property, being the North line of property now owned by the grantor. That he will have the above described property surveyed at his own expense, and that the survey must have been made, and the fence erected before any construction or placement of improvements on said property.

This property is conveyed to be used as and for a church or residence purposes only.

Sollie never built the fence, completed the survey, or built anything on the property. He paid no taxes. He left the state sometime in the early 1960s. A portion of the property, the east 71 feet along the frontage, was sold for taxes in May, 1967, and was purchased for and conveyed to the grantor. Shortly thereafter, the grantor reentered the property, which remained unimproved, mowing the weeds annually, doing some fencing, and paying some real estate taxes. (The record is unclear as to the years and the tracts on which the grantor paid taxes.)

In 1972, the defendants LaFleur, who were strangers to the title, purchased the property (except the 71 feet on the frontage) at a tax sale. Thereafter, they paid some of the real estate taxes. In 1978, defendants located Sollie in Georgia. They paid him $1,500 and Sollie and his wife quit-claimed their interest in the property to the defendants LaFleur.

In 1979 and 1980, the grantor excavated and poured concrete for footings for a small building she was constructing on the property. She testified that she dug the footings herself. Observing this, defendants drove a tractor on the property and knocked over the foundations. The grantor then brought this action to quiet her title to the property.

The district court held that neither party had met the requirements for perfecting title by adverse possession. That decision is not challenged on appeal. As for the chain of title, the court concluded that conditions subsequent for which no time of performance was specified were performable within a reasonable time, failing which the grantor

could enforce the right of reentry. Holding that the specified conditions were not performed within a reasonable time and that the grantor had exercised her right of reentry in 1967, the court decreed fee simple ownership in the plaintiff grantor.

On this appeal, defendants rely on the well-settled principles that conditions controlling the use of deeded property are strictly construed against the grantor, and that forfeitures are not favored. *E.g., Hawley v. Kafitz,* 148 Cal. 393, 83 P. 248 (1905); *Bou v. Willits,* 61 Cal.App. 32, 214 P. 519 (1923); *Rowe v. May,* 44 N.M. 264, 267, 101 P.2d 391, 393 (1940); *Gange v. Hayes,* 193 Or. 51, 61, 237 P.2d 196, 200 (1951).[1] Specifically, defendants argue that this deed could not create a condition subsequent because it contained no words indicating a reversion or forfeiture. *Stinson v. Oklahoma Railway,* 190 Okl. 624, 126 P.2d 260 (1942).

■ A fee simple subject to a condition subsequent is an interest in which, upon the occurrence or nonoccurrence of a stated event, the grantor or his successor has the power, at his option, to terminate the estate and reacquire the property. *Warren Irrigation Co. v. Brown,* 28 Utah 2d 103, 107, 498 P.2d 667, 669–70 (1972); *Preas v. Phebus,* 2 Utah 2d 229, 234, 272 P.2d 159, 162 (1954); *Restatement of Property* § 24 (1936).[2] This power of termination is sometimes referred to as a right of reentry, though that terminology is not used in the *Restatement.* When an estate is conveyed on contingency (condition subsequent or determinable) and no time is specified for the contingency, the law will imply a reasonable time for the event. *Salt Lake City v. State,* 101 Utah 543, 546–49, 125 P.2d 790, 791–93 (1942), and authorities cited.

1. The hierarchy of favoritism has been described as follows: "If a choice is between an estate in fee simple determinable and an estate on condition subsequent, the latter is preferred. Where it is doubtful whether a clause in a deed is a covenant or a condition, the former is preferred." [Citations omitted.] *Hagaman v. Board of Educ.,* 117 N.J.Super. 446, 453–54, 285 A.2d 63, 67 (1971).

2. Compare the fee simple determinable, in which the estate terminates automatically upon the stated event, without any exercise of election by the person who will succeed to the interest. *Salt Lake City v. State,* 101 Utah 543, 546, 125 P.2d 790, 791 (1942); *Buttars v. Buttars,* Utah, 631 P.2d 892, 894 (1981); Restatement of Property § 23 (1936).

∎ A deed provision specifying or limiting the use to which the property is to be put, or stating that the property is conveyed in consideration of a stated specification or limitation of use, does not, by itself, create a condition subsequent. *E.g., Davis v. St. Joe School District,* 225 Ark. 700, 284 S.W.2d 635 (1955); *Allen v. Trustees of Great Neck Free Church,* 240 A.D. 206, 269 N.Y.S. 341, *aff'd mem.,* 265 N.Y. 570, 193 N.E. 324 (1934); *First Presbyterian Church v. Tarr,* 63 Ohio App. 286, 26 N.E.2d 597 (1939).

A condition subsequent is normally created by words like "on condition that," "provided that," or phrases of like import, coupled with a provision that if the stated event occurs or does not occur, the grantor "may enter and terminate the estate hereby conveyed" or a phrase of like import. *Restatement of Property* § 45 comment j (1936). However, the *Restatement* further states that "the phrase 'upon express condition that' usually indicates an intent to create an estate in fee simple subject to a condition subsequent, even when no express clause for re-entry, termination or reverter accompanies it." *Id.* at comment 1; *also see* comment n.

Consistent with the *Restatement,* there are ample instances where a deed provision using the word "condition" has been interpreted as creating a fee simple subject to a condition subsequent even though there was no express provision for reentry or revesting of the estate. *Papst v. Hamilton,* 133 Cal. 631, 66 P. 10 (1901); *Upington v. Corrigan,* 151 N.Y. 143, 45 N.E. 359 (1896); *Watson v. Dalton,* 146 Neb. 78, 84, 18

N.W.2d 658, 662–63 (1945). As the court stated in *Papst v. Hamilton, supra,* all that is necessary is that the language clearly shows the intent of the grantor to make the estate conditional, "and where this is the case, a clause of re-entry is unnecessary." 133 Cal. at 633, 66 P. at 10.[3] We quoted this case with approval in *Salt Lake City v. State,* 101 Utah at 550–51, 125 P.2d at 793.

In determining whether the language of a deed is sufficient to manifest an intent to create a power of termination in the grantor or his successors, the courts have used four factors:

1. The language of the instrument;

2. The nature of the event specified in the condition and its importance to the grantor;

3. The amount of consideration paid for the transfer in proportion to the full value of the estate in fee;[4] and

4. The existence of facts showing the grantor's intent to benefit the adjacent land by the restriction imposed on the conveyed land.[5]

*Restatement of Property* § 45 comment p (Supp.1948).

∎ Applying those factors to the provisions before us, we agree with the district court's conclusion that this deed created a fee simple subject to a condition subsequent. (1) In its express language, the deed conveyed the property "on the condition that . . . ." Although the sentence structure admits of some doubt, in the context of the trial testimony on why the conveyance was made we interpret the language of condition to apply to the provision on use

---

**3.** This principle is further emphasized by the fact that some cases declaring that a mere statement of use does not create a condition subsequent explicitly rely on the fact that the deed they are construing does not use the word "condition." *E.g., Allen v. Trustees of Great Neck Free Church, supra,* 269 N.Y.S. at 348. Similarly, the word "condition" or a term of similar import is conspicuously missing from many of the cases declaring that forfeitures are not favored or will not be enforced without an express provision for reversion or forfeiture. *E.g., Hawley v. Kafitz, supra; Bou v. Willits, supra; Stinson v. Oklahoma Ry., supra,* all relied on by defendants.

**4.** "It is a sensible rule that as the worth of the consideration approaches the full market value of the property there is a correspondingly stronger inference that a defeasible fee was not intended." *Davis v. St. Joe School Dist.,* 225 Ark. 700, 702, 284 S.W.2d 635, 637 (1955).

**5.** "Such benefit [to adjacent land] is accomplished better by a covenant than by a condition subsequent." Restatement of Property § 45 comment p (Supp.1948).

"for a church or residence purposes only," as well as to the partition fence and the survey. (2) The condition on use was apparently the motivating cause for the grantor's transfer of this property to Sollie. (3) Sollie paid $1,400 for the 1.4 acres. The record is silent on the full value of this property in fee. (4) The conditions on fencing and surveying were obviously intended to benefit the adjacent property, owned by the grantor, but this cannot be said of the condition on use.

All in all, if the conditions specified here were only those pertaining to fencing and surveying, we would be loath to find a condition subsequent, especially in the absence of an express provision for reentry or revesting. But the centrality of the condition on use in the context of this conveyance persuades us that this deed created a fee simple subject to a condition subsequent.

We also agree with the district court's conclusion on the content of the condition on use and sustain its finding that the condition had been breached. Two cases relied on by this Court in *Salt Lake City v. State, supra,* hold that when property is conveyed on condition that it be used only for a particular type of building the grantee has an obligation to build the building within a reasonable time, failing which the grantor has a power of termination. *Trustees of Union College v. City of New York,* 173 N.Y. 38, 65 N.E. 853 (1903); *Norton v. Valentine,* 151 A.D. 392, 135 N.Y.S. 1084 (1912). That interpretation serves the purpose of requiring that property restricted as to use be put to that use within a reasonable time or be freed from the restriction by being restored to the grantor or his successors.

The condition not having been fulfilled within a reasonable time, the grantor exercised her power of termination by reentering the premises and thereby reacquired the property in fee simple. The judgment quieting title in the plaintiff grantor is affirmed. Costs to respondent.

HALL, C.J., and DURHAM, J., concur.

HOWE, Justice, dissenting.

I dissent.

I believe this case is governed by the rule of law stated in the majority opinion that a provision in a deed specifying or limiting the use to which property is to be put does not by itself create a condition subsequent. That is exactly what we have here. There was no provision in the deed giving the grantor the right of re-entry and revesting title in her. Moreover, with regard to the use to be put to the property, all we have here is one terse sentence: "This property is conveyed to be used as and for a church or residence purposes only." No words appear which would make a condition subsequent such as "on condition that," "provided that," or "upon express condition that." In the absence of language providing for re-entry and the absence of words which create a condition subsequent, I find no clear showing of intent of the grantor to make the estate which was conveyed conditional.

The majority opinion reaches out to make the condition specified here pertaining to fencing and surveying apply also to the provision in the following paragraph that the property is to be used for a church or residence only. I am unable to make that jump. The majority opinion notes that "if the conditions specified here were only those pertaining to fencing and surveying, we would be loath to find a condition subsequent, especially in the absence of an express provision for reentry or revesting." Yet, the opinion has no hesitancy in applying the condition to a later separate paragraph regarding use, to which it is doubtful that it was ever meant to apply. Having made that jump, the majority then reasons that the grantor would have the right of re-entry.

After concluding that the condition applies not just to fencing and surveying but to the use of the property as well, the majority then holds that when property is conveyed on condition that it be used only for a particular type of building, the grantee has an obligation to build the build-

ing within a reasonable time, failing which the grantor has a power of termination. The majority cites in support thereof *Salt Lake City v. State,* 101 Utah 543, 125 P.2d 790 (1942) and two cases cited and discussed therein, *Trustees of Union College v. City of New York,* 173 N.Y. 38, 65 N.E. 853 (1903) and *Norton v. Valentine,* 151 App. Div. 392, 195 N.Y.S. 1084 (1912). However, in each of those cases there was contained in the deed an express provision that if the land were used for any purpose other than that stated in the deed (Governor's residence, tabernacle and pastor's residence and City Hall), the land would revert to the grantor. In those cases the intent of the grantor is clear and manifest. I have no quarrel with the law which revests title in the grantor when the property is not so used within a reasonable time. However, in the instant case all we have is the naked statement that the property conveyed is to be used as and for a church or residence purposes only. This could be nothing more than an attempt on the part of the grantor to prevent the property from being used for commercial or industrial purposes which would interfere with her enjoyment in residing on her remaining property. It does not appear to affirmatively require that a church or residence ever be built.

No condition having been clearly expressed, and recognizing the fact that conditions controlling the use of deeded property are strictly construed against the grantor, and that forfeitures are not favored, I am led to conclude that the judgment below should be reversed.

STEWART, J., concurs in the dissenting opinion of HOWE, J.