### TITLE TO PROPERTY DEVISED CONDITIONALLY.

Court of Appeals for Stark County.

JOHN LEROY PARTHE AND ANNA PARTHE v.
WILLIAM L. PARTHE ET AL.

Decided, March 22, 1917.

*Devise—Dependent upon a Condition Which Did Not Occur During the Lifetime of the Devisee—Dower Not Assignable to Wife of Devisee —Sale by Him of His Prospective Interest—Wills—Partition.*

1. The surviving spouse of one who departed this life before the happening of the event which was made a condition of a devise in his favor going into effect, is not entitled to dower in the property so conditionally devised.

2. The sale by a contingent devisee of his prospective interest in the estate does not defeat the claim of a son to whom one-half of the said interest was devised in the event of the death of the contingent devisee preventing the interest vesting in him.

*Pomerene, Ambler & Pomerene,* for plaintiffs in error.
*Diehl & Brown* and *Amerman & Mills,* contra.

HOUCK, J.

This is a proceeding in error. The parties here stand in the same position as to each other that they stood in the court of common pleas.

The action below was one in partition, wherein the plaintiffs sought to partition certain real estate described in the petition. John Leroy Parthe claimed to be the owner of the undivided one-twelfth part thereof, and Anna Parthe claimed a dower interest in the undivided one-sixth part of said real estate. An accounting for rents and profits was also prayed for in the petition.

The amended answer of the defendants alleged as a defense a general denial, and further set forth that by the terms and conditions of a certain written contract which was entered into between Charles Parthe, prior to his death, and the defendants,

Robert I. Parthe and Edward J. Parthe, by the terms of which they had purchased the interest of said Charles Parthe in and to the real estate sought to be partitioned, and that they, the said Robert I. Parthe and Edward J. Parthe, had fully complied with all of the terms and conditions of said written contract, and that Charles Parthe and the plaintiffs had received and accepted the benefits thereunder, and that by reason thereof they are now estopped from claiming any interest in and to the real estate set out and described in plaintiff's petition. They also aver in their amended answer that if plaintiffs have any remedy and any rights under the terms of the will of William L. Parthe, Sr., that such are under the jurisdiction of the probate court, and that the common pleas court is without jurisdiction in the premises.

The plaintiffs filed a reply in the nature of a general denial to all of the material allegations contained in the amended answer of the defendants.

Upon the issues thus raised by the pleadings, and by agreement of all the parties to the suit, a jury was waived, and the cause was submitted to the trial judge upon an agreed statement of facts. The court below found for the defendants and dismissed the petition of the plaintiffs and entered judgment accordingly.

Did the trial court err in so doing, to the prejudice of plaintiffs in error, or either of them? This court must answer this inquiry from the agreed facts in the case, the correct application of the law pertaining to them, and the proper interpretation to be placed upon Item 4 of the will of William L. Parthe, Sr.

So much of the agreed statement of facts as we deem necessary for the proper consideration of this controversy is as follows:

"William L. Parthe, Sr., and his wife, Minnie L. Parthe, lived in the city of Alliance, Ohio. William L. Parthe, Sr., owned what is known as the Parthe Block, being the property in dispute herein. William L. Parthe, Sr., had the following children: Charles, Edward J., Robert I. and William Parthe; Mary P. Moore and Lilian Bowen. On the 25th day of November, 1900, William L. Parthe, Sr., died, leaving a will. Item 4 of this will is as follows:

" 'I give, devise and bequeath to my sons, Charles Parthe, Edward J. Parthe, Robert I. Parthe and William L. Parthe, Jr., and to my daughters, Mary P. Moore and Lilian Bowen, the brick block situate on lot 518 in the city of Alliance and known as the Parthe Block, subject to their mother's use thereof during her lifetime, and subject to the further conditions that should my said wife die within ten years from the date of my death said brick block and the grounds on which it is situate shall be rented, and the proceeds thereof during the remainder of the said ten years from the date of my death be divided equally between my said children, subject to the payment of taxes and the necessary repairs of said block. At the expiration of the said ten years from the date of my death, if my said wife is then deceased, or at the time of her death should she survive me more than ten years, the said block on lot No. 518 shall be sold by my executors and the proceeds thereof divided equally between my said children, subject, however, to this further provision: that if my son Charles should die before the sale of said block, and before the division of the proceeds thereof, leaving a child or children, then one-half of the said one-sixth which would go to him if living shall go to his child or children that may survive him, and the other one-half of the said one-sixth which would have gone to him if living shall go to his brothers and sisters in equal proportions.' ·

"Some time after the death of William L. Parthe, Sr., to-wit, December 14th, 1904, Minnie E. Parthe, his wife, died. Ten years after the death of William L. Parthe, Sr., Charles Parthe attempted to secure his share of the Parthe estate given him in Item 4 of the will of William L. Parthe, Sr., and to do this he began partition proceedings which were started some time after one of the plaintiffs in this case, Anna Parthe, had secured her divorce from Charles Parthe. As a result of Charles Parthe's demands and the institution of the partition proceedings, Robert I. Parthe and Edward J. Parthe purchased this interest for the sum of $5,000 for his share of the estate and his interest in that block, and at that time Charles Parthe, the husband of Anna Parthe and the father of John Leroy Parthe, the plaintiffs herein, signed a contract to deliver to Robert I. Parthe and Edward J. Parthe a warranty deed for his interest in the Parthe estate and the property in question. A short time after this contract was made a supplemental contract was made which changed the time of payment and provided for the payment of so much per week. Shortly thereafter Charles Parthe died, and his divorced wife, Anna Parthe, the plaintiff, was appointed administratrix

of his estate, and collected from Robert I. Parthe and Edward J. Parthe the balance due under Charles Parthe's contract, amounting to approximately $3,850. Anna Parthe and John Leroy Parthe then instituted the partition proceedings herein. That the real estate described in the petition was not sold by the executors of the estate of William L. Parthe, Sr., and has not been sought to be sold by them. That on December 9th, 1902, they filed their final account and were discharged as such executors, and that no administrators with the will annexed have since been appointed."

The first question that presents itself for determination is, what interest in the real estate in question did Charles Parthe take under Item 4 of the will of his father, William L. Parthe, Sr.? This inquiry leads us to determine the proper construction to be placed upon Item 4 of said will.

The object and aim sought in the construction of the language and terms used in a will is for the sole and only purpose of ascertaining the intent of the testator. It is the intention of the maker of a will as is indicated by the words, language, expressions and terms employed therein, that must be found by a court in its judicial interpretation, and this should be obtained from giving to them their plain, ordinary and generally accepted use and meaning. The plain and unambiguous words of the will must prevail, and can not be controlled or qualified by any imaginary or seeming unwarranted construction placed upon them which might appear to grow out of the peculiar surroundings of the testator at the time of the execution of his will.

We find the language of the will under consideration clear, plain, explicit, and in no way ambiguous, so far as ascertaining the rights and interest of Charles Parthe in and to the real estate now in controversy. That part of the will necessary to be interpreted, and from which we must determine the extent of the estate devised to Charles Parthe, and the interest, if any, he had at the time of his death, is as follows:

"At the expiration of said ten years from the date of my death, if my said wife is then deceased, or at the time of her death should she survive me more than ten years, the said block

on lot No. 518 shall be sold by my executors and the proceeds thereof divided equally between my said children, subject, however, to this further provision: that if my son Charles should die before the sale of said block, and before the division of the proceeds thereof, leaving a child or children, then one-half of the said one-sixth which would go to him if living shall go to the child or children that may survive him, and the other one-half of the said one-sixth which would have gone to him if living shall go to his brothers and sisters in equal proportions."

If we apply the rule of law as to the construction and interpretation of wills as herein laid down to the above language, which taken in connection with the conceded fact that Charles Parthe departed this life before the sale of the Parthe Block and before the division of the proceeds therefrom, we can not see how counsel for defendants in error are entitled to maintain their defenses as to the claim of the plaintiff in error, John Leroy Parthe.

Under the provisions of the will as contained in Item 4, Charles Parthe had certain rights in the real estate as to the income therefrom until it was sold and the proceeds from said sale distributed; but if he were not living at the time of such sale and the distribution of the proceeds, then and in that event the one-half of his interest should go to and vest in his child or children, and the other half in his brothers and sisters.

We are bound to hold and do hold under the facts and law in this case that upon the death of Charles Parthe one-half of all of the interest in and to the real estate in question went to and vested in John Leroy Parthe, the surviving son of Charles Parthe, deceased, and the other one-half to the brothers and sisters of said Charles Parthe, as clearly provided for in the will of William L. Parthe, Sr.

It will be noticed that the interest in the real estate now vested in John Leroy Parthe came to him not from his father, Charles Parthe, but under and by the terms of the will of his grandfather, William L. Parthe, Sr.

Coming now to the second question presented for our consideration: Is Anna Parthe entitled to dower in any part of said real estate? This must be determined from the agreed facts

and the provisions of Section 8606, General Code, which reads as follows:

"A widow or widower, who has not relinquished or been barred of it, shall be endowed of an estate for life in one-third of all the real property of which the deceased consort was seized as an estate of inheritance at any time during the marriage, in one-third of all the real property of which the deceased consort at decease held in fee simple in reversion or remainder, and one-third of all the title or interest that the deceased consort had at decease in any real property held, by article, bond, or other evidence of claim."

It must be conceded that whatever dower right, if any, Anna Parthe has in this real estate, comes to her by operation of law, and not otherwise.

What interest did Charles Parthe have in said real estate at the time of his death? Not any. Anna Parthe received no interest in it under the will of William L. Parthe, Sr., who by his will devised the share of Charles Parthe to him subject only to the happening of a certain event, namely, that he be living at the time of the sale and distribution of the proceeds; and having departed this life before such occurred, then by operation of the will of said testator the interest that would have gone to Charles Parthe had he been living at the time of the sale and distribution of the proceeds thereof, went to and vested in John Leroy Parthe and the brothers and sisters of Charles Parthe. Thus it must and does necessarily follow that Anna Parthe, the surviving spouse of Charles Parthe, is not entitled to dower in the real estate which was devised to John Leroy Parthe and to the brothers and sisters of Charles Parthe.

In the face of the conceded facts, the provisions of Section 8606, General Code, and our holding as to the devise in question under the will before us for consideration, we must hold that the claims made by Anna Parthe as to her dower rights are not well taken.

Are the defenses or either of them, as stated in the amended answer of the defendants below, who are also the defendants in error here, a bar to the rights of the plaintiff John Leroy Par-

the to the relief prayed for in his petition? We must answer this in the negative.

The contract relied upon by the parties no doubt was entered into in good faith between the parties thereto, and would have been binding upon them had Charles Parthe been in full life at the time of the sale of the Parthe Block and the distribution of the proceeds of such sale. This contract was not signed by John Leroy Parthe, and therefore he can not be barred from his legal right to hold real estate devised to him under the will of his grandfather, William L. Parthe, Sr.

In passing let us say, in view of the facts contained in the agreed statement of facts, and from all the surrounding circumstances of this case, it is apparent to us that a seeming hardship will be cast upon some of the defendants in error; yet we know of no rule of law or equity that can change that well-known maxim, "An owner of real estate can only convey to the grantee to the extent of his own title and interest therein."

Viewing this case as we do, we are of the opinion that the judgment below should be reversed as to the plaintiff in error John Leroy Parthe, and affirmed as to the plaintiff in error Anna Parthe.

The court coming now to render the judgment that the common pleas court should have rendered in this case, it is hereby ordered, adjudged and decreed that John Leroy Parthe, plaintiff in error, one of the plaintiffs below, is entitled to have partition of the real estate described in the petition, and an accounting for rents and profits as prayed for; that the petition be dismissed as to the other plaintiff therein, Anna Parthe.

The amended answer of Edward J. Parthe and Robert I. Parthe, who filed same for themselves and others, is hereby dismissed.

This cause is remanded to the common pleas court with instruction to carry into execution the judgment of this court.

POWELL, J., and SHIELDS, J., concur.