CLEVELAND v. THORNTON ET AL.

*Wills—Vesting of estates favored—Vested fee not cut down to life estate, with remainder over—No specific rule for construing wills—Intention of testator to be determined.*

1. The law favors the vesting of estates.
2. Provisions of will, devising certain realty to testator's four children and their heirs equally, that shares of any children dying before testator shall vest in survivors, and that they could not mortgage or dispose of property except by their concurrent act, *held* not to limit or cut down fee vested in them to life estate, with remainder over to survivors, in view of provision that "nothing herein shall be construed as giving my said children * * * any estate less than an absolute fee-simple estate."
3. There is no specific rule for the construction of wills.
4. In the construction of wills, the intention of the testator is to be determined.

(Decided August 31, 1927.)

ERROR: Court of Appeals for Ashtabula county.

*Mr. F. C. Bosworth, Mr. Lody Humel,* and *Mr. B. F. Perry,* for plaintiff in error.
*Messrs. Bulkley, Hauxhurst, Jamison & Sharp,* for St. Paul's Episcopal Church and trustees.
*Mr. R. E. Mygatt,* for Conneaut Mutual Loan & Trust Co.
*Messrs. Kingdom & Kingdom,* for defendant in error Thornton.

FARR, J. This is an error proceeding prosecuted here to reverse a judgment of the court of common pleas of this county, an appeal proceeding being dismissed. The action below was for an accounting, to quiet the title to certain real estate in Ash-

tabula county, and for such other equitable relief as might be proper. The cause came on to be heard in the court below upon two demurrers filed to the petition by different parties in interest. The trial court sustained the demurrers, and the plaintiff, not desiring to plead further, prosecutes error in this court upon the ground that the trial court erred in sustaining the demurrers.

The facts are briefly as follows: George H. Cleveland, late a resident of Ashtabula county, died testate in the year 1910, and thereafter his last will and testament was admitted to probate in the probate court of above county. In item 2 of said last will he made a bequest to his four children, two boys and two girls. Merritt C. Cleveland, the plaintiff in error, is the survivor of the four children named in item 2, and it is with reference to that item that the dispute arises in the instant case, Merritt C. Cleveland claiming that being the survivor of these four children he is seized in fee simple of the real estate set out in said item.

Upon the other hand, it is contended that a fee-simple estate was intended to, and did, vest in each of these children at the time the will of George H. Cleveland became effective.

The provision of the will in question reads as follows:

"Second. I give, devise and bequeath to my beloved sons and daughters, Minnetta E. Thornton, Lottie Leggett, Merritt C. Cleveland and Clarence S. Cleveland, and to their heirs, in equal proportions, share and share alike, all of the real estate owned by me on the north side of Main street, between Washington street and Harbor street, in the city of Conneaut, Ohio, the said real estate being

known as the Cleveland block, and it is my express will that should any of my above mentioned children die before me that his, her or their ¼ share or shares shall go to, and vest in, the survivor or survivors. It is further my express will that the above mentioned property shall not be mortgaged, incumbered, or sold, in any manner whatsoever, unless all of my said children then surviving shall join in the mortgage, incumbrance or deed, it being my intention and will that the income from the said above described real estate, known as the Cleveland block, after the payment of all necessary expenses and taxes, shall be divided equally, monthly, between my said above mentioned four children, or equally between their survivors, and that no incumbrance on said property, or deed therefor, shall be made unless by the concurrent act of all of my said children living at the time. But nothing herein shall be construed as giving my said children, heirs, or survivors any estate less than an absolute fee-simple estate, with the sole exception that all of my children must join in any incumbrance or deed of said property.''

All four children survived their father, and the issue here is whether or not under this item a fee-simple estate vested in these children at the time the will became effective. Later a son died and then a daughter and finally Minnetta Thornton, another daughter, died, leaving Merritt C. Cleveland the only survivor of the four children, and by virtue of this clause in the will Merritt C. Cleveland now claims the right to have an accounting of the rents and profits accruing from this real estate situated in the city of Conneaut and known as the

Cleveland block, and his title quieted in and to said property.

It is contended by plaintiff in error that by the statement in the will "that if any of my above mentioned children die before me * * * their share or shares shall go to, and vest in, the survivor," George H. Cleveland cut down or limited the fee-simple estate, which he had perhaps sought to vest in his children, and further did so by providing that they could not mortgage or dispose of that property, except by their concurrent act. It is well settled in this jurisdiction that the law favors the vesting of estates, and that principle is announced in *Linton* v. *Laycock*, 33 Ohio St., 128. Therefore the law favored the vesting of this estate.

If the position taken by the plaintiff be correct, then it must be held that the fee sought to be vested in these children was so limited or cut down that it vested a life estate only in those who did not survive, with a remainder over to the survivor of these children. And if it be so held, it would be making a new or different will for this testator, for the reason that it is clearly indicated in the last clause of the item that he intended that a fee-simple estate vest in his four children. After providing that they might not mortgage or sell except by their concurrent act, he provides:

"But nothing herein shall be construed as giving my said children, heirs, or survivors any estate less than an absolute fee-simple estate, with the sole exception that all of my children must join in any incumbrance or deed of said property."

The foregoing is simply a condition made by the testator, having a desire, no doubt, to avoid

the confusion which might result from one of these
children selling his or her share to a stranger and
making the other shares subject to it, or by one
of them mortgaging or incumbering his or her
share, thereby complicating the title.

It is fundamental that there is no specific rule
for the construction of wills, and it is elementary
that in the construction of wills the intention of
the testator is to be determined. Item 2 is not
difficult of construction for the reason that George
H. Cleveland left no doubt about it when he said
"but nothing herein is to be construed to vest other
than a fee-simple estate in my children." If this
court should hold otherwise, it would then be hold-
ing that George H. Cleveland, by what he said with
reference to the incumbering or the sale of the
property, limited the fee that he expressly provided
he did not intend to limit, and this court would
then be changing the will of this testator.

It is held in *Decker* v. *Decker, Ex'r.,* 3 Ohio St.,
157, that the intent of the testator controls in the
construction of a will, and that the sole purpose in
construing a will is to ascertain and carry out the
intent. This testator's intention was to vest a fee-
simple title in these children, because he says so,
and he provides that if any be deceased at the time
of his decease that the share of such decedent shall
vest in the survivors, and at the conclusion of the
item he states, as above noted, that nothing shall be
construed as giving his said children any estate less
than an absolute fee. Had he intended otherwise,
he certainly would have so expressed it.

It seems so needless to cite authorities upon an
issue which is clear and really explicit. Sustaining
the conclusion reached here is *Hamilton* v. *Rodgers,*

38 Ohio St., 242, 248, and the "last word" is *Fetterman* v. *Bingham,* 115 Ohio St., 35, 152 N. E., 10, a case somewhat similar to the one at bar, in which Day, J., speaking for the court, says at page 44 (152 N. E., 13):

"Further, the testator having created an absolute fee-simple title in his daughter, Electa A. Bingham, subject to the conditions named therein, we fail to find language subsequently used in the will showing an intention to cut down this fee-simple title to a life estate. To do so we think would be a violation of a very old and well-established rule of the law of wills, to wit, that where by clear and unequivocal terms an estate in fee-simple is given in one item of a will, the same cannot be cut down to a life estate by implication only, less clear than the intention to create the fee simple previously created."

Further discussion of this issue seems needless, and, for the reasons given, it follows that the judgment of the court below must be affirmed, and it is so ordered.

*Judgment affirmed.*

POLLOCK and ROBERTS, JJ., concur.