### RUGG v SMITH

Ohio Appeals, 5th Dist, Licking Co
No 1770. Decided April 1931

Fitzgibbon, Montgomery & Black, Newark, for Rugg.

Eugene Moore and Slagaugh & McDonald, Newark, for Smith.

**LEMERT, J.**

At the very outset of this opinion it is well to note that F. Merle Rugg, mentioned in Item 3 of the will, is the son of Sylvester Rugg, and Louise Smith and Emmaline Maginnis, mentioned in Item 5, are daughters of Sylvester Rugg.

As already stated, Items Three and Five are before us for construction of the will of E. T. Rugg, and we deem it unnecessary to construe similar or like provisions in other wills that have heretofore been construed by the various courts in this and other jurisdictions. The paramount matter to be considered in the construction of any will is the intention of the testator. Such intention should and must be gathered from the language of the whole will itself, and where that language creates repugnant, impossible, inconsistent or illegal limitations and conditions, no court can give effect to such intention. However, in cases where there are devises in fee or absolute bequests, there can be no limitation over of the same property, wherein is created an estate in the second taker, this being an estate not known or recognized by the law.

Counsel for plaintiffs in error make the claim that Item Five of the will under consideration is merely precatory—that is, that said Item is started by "It is my desire". By reference to the will it will be noted that the Third Item is also precatory, in that it starts in the same way, that "It is my desire," making the Third and Fifth Items stand on an equal basis.

It seems clear to us that it is clearly manifested by this will that there was a desire on the part of E. T. Rugg to continue the business that he had created and to limit the same to his family. In the Third Item of the will he orders that a corporation be formed and the stock distributed as therein provided. Where a will bears the ear marks, as in the instant case, of having been drawn by a layman and not by a lawyer, the court in the endeavor to arrive at the intent of the testator will not view

the language technically, but liberally, and with reference to its popular meaning. It is very rarely that any two wills present precisely the same question, and therefore, in considering doubtful clauses, the court will ascertain the intention of the testator as the language of such clauses may reasonably be interpreted in the particular case. It has been well said that cases on wills may well guide as to general rules of construction, but unless a case be directly in point in its essential circumstances and data, it should have little weight with the court.

There is a well defined principle of law running through all decisions of the courts in the construction of wills which courts should keep well in mind in the construction to be given to a particular will, and this principle is to be found in almost every will case decided by our Supreme Court and Court of Appeals in this jurisdiction—that is, the whole will must be construed together, and in the light of the whole will and of the surrounding circumstances each clause is to receive its interpretation. It is only in cases of total and irreconcilable repugnancy that any of the provisions of a will can be rejected. The testator's intention must be the guiding spirit in a will construction.

It therefore becomes the duty of every court in construing a will to try to learn the intention of the testator and carry it out. In other words, it becomes the duty of the court to give effect, if possible, to every provision of the will and try to reconcile all provisions therein and not try to find a reason for avoiding it or rejecting any portion thereof.

Therefore, in arriving at the intention of the testator in properly construing Items Three and Five of the will in the instant case, we must note that Sylvester Rugg, the brother of E. T. Rugg, had but three children; namely, F. Merle Rugg, Louise Smith and Beatrice Maginnis, the latter having died and leaving one child, Emmaline Maginnis, who is now represented by her guardian.

We note that in the distribution of the stock of said factory Item Three provided that it should be divided into eight equal parts, and one eighth distributed to F. Merle Rugg, the son of Sylvester Rugg, and one eighth to Sylvester Rugg, himself. Therefore it is not difficult to understand and to ascertain the intention of the testator or what was in mind in providing in the Fifth Item that upon the death of Sylvester Rugg **his** one eighth should be divided equally between his heirs, Louise Smith and Emmaline Maginnis. The only

other heir of Sylvester Rugg, to-wit, F. Merle Rugg, had already received one eighth of the entire stock of said factory under the provisions of Item Three of said will, and it is perfectly clear that the testator's intention in giving to Louise Smith and Emmaline Maginnis, upon the death of Sylvester Rugg, his one eighth, was to prevent said stock from becoming upon the death of Sylvester Rugg a part of his estate, to be divided among the three heirs of Sylvester Rugg and to the disadvantage of the two heirs who had thus far received no part of the stock or estate of E. T. Rugg.

Claim is made by the plaintiffs in error that under the provisions of the Fifth Item of said will that the same will conflict with Item Three thereof. When we read carefully these two items it is clear that there is no such conflict as claimed. It is to be noted at the end of Item Three in said will that the following language is used:

"Should any of my brothers or sister die without heirs, then his or her part shall be divided equally among the remaining heirs, share and share alike."

It will be noted that the above is the only language used in that item indicating the extent of the estate taken in said stock by the said Sylvester Rugg, and the only construction that can be placed upon this language is that the said Sylvester Rugg took only a life estate and not an absolute estate.

So, taking this view of the instant case, then Item Five can not possibly be in conflict with Item Three of the will. As a matter of law, however, if such conflict did exist, it could only be of a character akin to that presented in the leading cases of Ohio; **19 Oh St, 490; 51 Oh St, 446; 109 Oh St, 36;** and in these cases this principle is held to be the law of Ohio.

These cases establish the rule that conflicting provisions of a will should be reconciled so as to conform to the manifest general intent, and it is only in cases where such provisions are wholly and absolutely repugnant that either should be rejected; and where by one clause in a will property is devised or bequeathed by words prima facie importing an absolute estate and by subsequent clauses is given in remainder to another person, the first devisee or legatee takes only a life estate, and a limitation over is valid.

The other claim made by plaintiffs in error is that the Fifth Item is merely precatory, for the reason that the testator uses the words, "It is my desire." If that claim be true, then the same must apply to Item Three, for the same language is there used.

In 40 Cyc., at page 1402, it is held: "where the same words are used in different parts of a will relating to the same subject matter, they must be presumed to be used always in the same sense, if the context of the will does not show a contrary intention."

A further observation of this will makes it plain and conclusive that the power of disposal was not contemplated or intended, but on the contrary, the testator did intend that no disposal of the stock was to be made during the life time of the distributees. This intention on the part of the testator is clearly shown by the fact that he does not provide for any part of the stock that might remain at the death of the distributee to pass to the others, but does provide for the corpus, the whole or entire stock distributed to each distributee to pass at the time of his death to the remaining ones if he be without heirs; or, in other words, if the testator, E. T. Rugg, had intended the distributee to have power of disposal, he would have at least used the language as to what might remain at the time of the death of the distributee, instead of the language which he did use providing that the entire stock of the distributee should pass as in the will provided.

It seems plain to us that it was the intention of the testator, E. T. Rugg, that each of the distributees should have an equal part, and an equal part only, since the will specifically gives to each one of the distributees the one eighth part, and then provides that in the event any one of the said brothers or the sister should die without heirs their part of the stock should pass to the remaining heirs, share and share alike, or, in other words, the testator intended that each of the distributees should share equally and that no one of them could or would have the right to obtain more than that particular share and could not thereby obtain a majority of the stock or a controlling interest therein, to the disadvantage of the remaining ones.

The language used in Item 3, taking the whole of said Item together, conveys the idea to us that Sylvester Rugg took but a life estate, and such construction makes the Fifth Item of said will consistent with Item Three and gives effect to the whole will.

It is clear to our mind that it was the intention of the testator, E. T. Rugg, as provided in Item Five of said will, that the one eighth part given by said testator to

his brother, Sylvester Rugg, should be equally divided between his heirs, Louise Smith and Emmaline Maginnis, at his death.

We therefore find and hold that the facts and the law applicable to a proper construction of Items Three and Five of said will support the holding and finding of the Common Pleas Court in this case; and it therefore follows that the finding and judgment of said court will be and the same is hereby affirmed.

Exceptions may be noted.

SHERICK, PJ, concurs. MONTGOMERY, J, not participating.