### HARTMAN et v ORR et

Ohio Appeals, 5th Dist, Perry Co

No 225.

A. A. George, Zanesville; Joseph L. Meenan, New Lexington, for plaintiffs.

E. P. Walser, Somerset; T. B. Williams, New Lexington, and Thomas Potter, New Lexington, for defendants.

### OPINION

By LEMERT, PJ.

This is an action brought by Herman Hartman, Stanley Ford, and Hattie V. Roberts, Trustees of Hopewell Baptist Church, Perry County, Ohio, v Carl Orr, E. C. Melick and Hattie V. Roberts. The pleadings consist of a petition and answer.

The plaintiffs allege that they are the duly appointed, qualified and acting Trustees of the Hopewell Baptist Church in Perry County. This church and this property consist of a brick church building and some two or three acres of land, part of which is used as a church yard and part as a cemetery. It is an independent organization and has been such more or less active church body for about 131 years.

The prayer of the petition asks that the defendants be removed from their pretended offices as Trustees and be restrained from interfering with the

control of the church or its property, and that they be required to turn over all the property belonging to the church, and for other relief.

While this is not a will contest, it does become necessary for the Court to find from the evidence and record the true interpretation of a certain will of William T. Fundaberg.

Item 2 of will provides as follows:

"I will and set aside out of my estate the sum of Four Thousand Dollars ($4.000.00) same to be placed in the hands of the Trustees of Hopewell Baptist Church in Hopewell Township, Perry County, Ohio, in trust, and the same to be by them kept one-half in each of the banks in Somerset, Ohio, and the income therefrom to be by them used from time to time for the repair and upkeep of the cemetery at said church, and which church is near my home, and if the time should come when said church be repaired or rebuilt, which it is my hope it may be, then it is my will that any part of the income or principal may be used toward such repair or rebuilding. In the event for any reason said church should fail to have such trustees, then said bank shall name such trustees from time to time. It is further my will that the bequest in this item shall have preference over all bequests hereinafter made in my will."

This will was made November 21, 1931, and William T. Fundaberg died February 21, 1932, and the will was probated February 25, 1932.

This fund amounted to approximately $9000.00, $2000.00 of which has been spent, leaving something like $7000.00. The petition further recites that this fund was left to the Trustees of the church, and says that the defendants, Melick and Orr, are not members of the church and will do nothing toward the upkeep of the church, or the carrying out of the provisions of the will, and that they refuse to cooperate with the members of the church. The petition asks for their removal as Trustees of this fund, and that the fund

be turned over to the proper Trustees as set forth in the will.

The answer filed by the defendants is quite lengthy but in substance they say that there has been no church held on these premises for forty years, and that they were appointed by the Probate Court to handle the funds under the will, that they have used them for the upkeep of the cemetery, and that they refuse to give them up.

At the outset of this opinion, we note that the title of this church and cemetery is now, and has been since the year 1810, in the Trustees of the church. The Hopewell Baptist Church is an unincorporated society. Under the rules of this church, the church building and this land, its title is in the Trustees. No one else has anything to do with it, so this action is to prevent the defendants, Melick and Orr, from assuming jurisdiction and control over this property, and further to compel them to turn over to the lawful Trustees of the church all of the property that they have belonging to the church.

In February, 1932, William T. Fundaberg died, leaving a will, and in this will he left $4000.00 to the church, and he left the residue of his property, which amounted to about $5000.00 more, for the same purpose. In other words, he left $9000.00 for the purposes which are set forth in his will, and those purposes are set forth in Item 2 of his will hereinbefore quoted, and in Item 6 of said will which is as follows:

"Item 6. All the rest and residue of my property, real and personal, and wherever situated that I may have and own at the time of my death, I direct that my Executor hereinafter named shall convert into money, either at public or private sale as he may deem best and without any order of Court so to do, hereby empowering my executor to execute deed or deeds necessary to convey in fee simple my real estate to the purchasers thereof, and after payment of debts, costs, taxes, legacies, etc., then I will, devise and bequeath all of my estate then re-

maining to said Trustees of said Hopewell Baptist Church in Hopewell Township, Perry County, Ohio, for the uses and purposes hereinbefore specified."

Some time after the death of Mr. Fundaberg, we note that there was a contest made on this will. With that will contest we are not concerned except to note that these defendants, Orr and Melick, were appointed by the Probate Court to appear as defendants in the will contest. This will contest was in some way settled, and the same is of no concern to us.

In the meantime, the church appointed Trustees, these plaintiffs, and demanded that these Trustees formerly appointed by the Probate Court turn over to them the money, according to the terms of the will. This the defendants refused to do and insisted on keeping the money and doing with it as they pleased.

These defendants do not claim to be Trustees of the church, but of the fund only. They do not claim to be members of the church.

Now, as to whether or not these plaintiffs are entitled to this fund as a part of the property of the church will require a construction of this will and the intention of the testator to be found by this court. In other words, what did the testator mean and what did he intend to be done with this money: or better yet, what did he say in his will? He gave this money in trust to the Trustees of the Hopewell Baptist Church. He directed how and where it was to be deposited. He definitely provided that if the church had no Trustees, then the bank was to appoint the Trustees. In the last part of Item 6 in his will he says: "I will, devise and bequeath all of my estate then remaining to said Trustees of said Hopewell Baptist Church", etc. This statement alone makes it clear to us that the testator intended that the church Trustees would have charge of the money, if there were such Trustees. If the church had no Trustees, the banks were directed to appoint Trustees.

We are of the opinion that this trust has not suffered by the appointment by the Probate Court of these Trustees, but it is very doubtful as to whether or not the Probate Court or any other Court, had a right to appoint Trustees of this fund. It was done no doubt, whether legal or not, to defend the fund, but after this church had established a board of fully qualified and acting Trustees, we believe it was the duty of the Court to discharge the temporary Trustees and turn the money over to the church Trustees. That was the intention of the testator. Simply because the church had no trustees at some time the Probate Court, nor any Court, had no authority to go out and arbitrarily appoint Trustees regardless of whether they belonged to the church or not, and fasten them upon the church, and put them in charge of the fund regardless of what the will said.

We are satisfied from the reading of the record in this case that the defendants, Orr and Melick, are both good men. They are not Baptists and they have no interests in the church. The church and cemetery are one and the same. The Hopewell Baptist Church owns all the physical property.

There is no division between the church and the cemetery. They occupy one piece of ground.

The beneficiaries of this will are the Trustees of the Hopewell Baptist Church. Certainly no court has a right to force Trustees on a sovereign, religious body if they do not want them. If these two defendants are adjudged to be Trustees and authorized to proceed, it will amount to forcing foreign rule on a sovereign, religious body, which we do not believe is right, neither do we believe it to be the law.

We note from the record that these defendants have filed an account. They have paid all the debts and owe none. They should be allowed their fees and the fees of their counsel for preparing the account and other work, and turn the money. or what is left of it, to the lawful Trustees as was what we believe to be the intention of the testator.

We note further from the record in this case, the lower court allowed, over objections of the plaintiff, statements made by the testator prior to his death and prior to, or about, the time of the execution of this will. We note the testimony of Herman Brown on pages 125 and 128, and Sam Forsythe on pages 129 and 131. In this testimony the court admitted certain conversations they are alleged to have had with the testator before he made his will. :

The Supreme Court of Ohio said in 38 Oh St 257:

"We are to find the intention of the testator in the will itself, and are not at liberty to allow its terms to be varied or contradicted by conversations or parol statements made either before or after its execution."

This Court, sitting in Licking County April 10, 1931, in the case of **Rugg et v Smith et, 9 Abs 718**, made this same holding. See **18 Ohio 247; 77 Oh St 71; 9 Oh Ap 379.**

We are of the opinion that the lower court was wrong when he admitted evidence of these conversations between the testator and two or three witnesses at, or about, the time he made his will in an attempt to show that he meant something else besides what he plainly said in his will. We believe this testimony should not have been allowed. The will was to be construed from the terms of the will and what it says in the will.

So without burdening this opinion or record further, we are of the opinion that this property and this fund belongs to the Trustees of the Hopewell Baptist Church, and that the plaintiffs are the duly qualified, elected, and acting Trustees, and that they are entitled to have full management and control thereof: and that the said defendants, Orr and Melick, are removed and ordered to turn over to the plaintiffs all the property, books, receipts, money and records, in their hands or under their control; and that the defendants be restrained from in any way interfering with the control of said church or its property and the church's use of it. Entry may be drawn accordingly.

Exceptions to defendants.

LEMERT, PJ., MONTGOMERY, J. and SHERICK, J., concur.